Emin v. Holder

BIA
A095 369 508
A095 369 509
A095 369 510

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of May, two thousand fourteen.

PRESENT:
 RALPH K. WINTER,
 GUIDO CALABRESI,
 ROSEMARY S. POOLER,
  *Circuit Judges.*

_____

ADRIAN EMIN, MINA EMIN, MALVIN EMIN,
 *Petitioners,*

 v.                                     12-4157
                                        NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
 *Respondent.*

_____

FOR PETITIONERS:     Michael P. DiRaimondo, Melville, New York.

FOR RESPONDENT:      Stuart F. Delery, Acting Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; Bernard A.

**Joseph, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Adrian Emin ("Emin"), Mina Emin, and Malvin Emin, natives and citizens of Albania, seek review of an October 11, 2012, order of the BIA denying their motion to reopen. *In re Adrian Emin, Mina Emin, and Malvin Emin*, Nos. A095 369 508/509/510 (B.I.A. Oct. 11, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien seeking to reopen proceedings may file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Emin's 2012 motion was untimely as the agency's final administrative decision was issued in 2004. However, the time limitation may be excused if the

2

motion is "based on changed circumstances arising in the country of nationality . . . if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii). In addition, the deadline may be tolled if the applicant can demonstrate ineffective assistance of counsel, and that he acted with due diligence in pursuing his claim during "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed." *Rashid v. Mukasey*, 533 F.3d 127, 132 (2d Cir. 2008)

In this case, the BIA's finding that country conditions in Albania had not changed is supported by substantial evidence. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir. 2008). Emin's argument that there has been a change in country conditions sufficient to warrant reopening is merely a recasting of his original claim. Emin's re-characterization of his problems with his ex-wife's boyfriend as a blood feud does not alter the fact that both the immigration judge and the BIA considered this issue in the first instance, and thus it cannot be considered a

3

change in conditions or previously unavailable evidence. *See Norani v. Gonzales*, 451 F.3d 292, 294 & n.3 (2d Cir. 2006)(per curiam).

The record also does not support Emin's characterization that the situation in Albania has changed for the worse for individuals involved in a blood feud or for democratic party members, given that the State Department Country Reports for Albania show that more people were imprisoned due to blood feuds in 2001 than in 2010, and in 2010 it was reported that such killers were tried in court. *See Hui Lin Huang v. Holder*, 677 F.3d 130, 138 (2d Cir. 2012) (noting that State Department reports are usually the best source of information on country conditions). In addition, the declarations from the two professors similarly support the conclusion that Albania has been, and remains, politically volatile, and thus the declarations do not reflect a material change in conditions. *See Jian Hui Shao*, 546 F.3d at 169. Moreover, the BIA acknowledged all of Emin's country conditions evidence, specifically singled out the professors' declarations, and concluded that the evidence did not show that conditions in Albania had changed significantly since 2003. Thus, Emin has not suffered a due

4

process violation. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n.17 (2d Cir. 2006) (presuming the agency has taken into account all of the evidence unless the record compellingly suggests otherwise); *Jian Hui Shao*, 546 F.3d at 169 (noting that the BIA does not need to "expressly parse or refute" every piece of evidence) (quoting *Zhi Yun Gao v. Mukasey*, 508 F.3d 86, 87 (2d Cir. 2007)). *Cf. Poradisova v. Gonzales*, 420 F.3d 70, 79-81 (2d Cir. 2005) (holding that the agency abuses its discretion when it fails to address evidence of changed country conditions, and that it must consider events cumulatively, not in isolation).

Finally, Emin's argument that his ineffective assistance of counsel claim should be considered cumulatively, with other evidence, ignores the prerequisite that he demonstrate an exception to the filing deadline for motions to reopen. Ineffective assistance of counsel claims toll the time for filing only if the alien demonstrates due diligence for the entire period he wishes to toll--in this case, eight years. *See Rashid*, 533 F.3d at 131. Here, however, Emin makes no showing of diligence, and the record demonstrates that he was aware of his counsel's performance

5

when he filed his initial appeal with the BIA in 2003. Because Emin did not demonstrate due diligence and because the BIA's country conditions determination is supported by substantial evidence, the BIA did not abuse its discretion by denying the motion as untimely.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk